**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**
------------------------------------------------------------------X

BRIAN SKVARLA, on behalf of himself and all others similarly situated,

                Plaintiff,

              v.

Index No.:

**COMPLAINT AND DEMAND FOR JURY TRIAL**

ENHANCED RECOVERY COMPANY LLC D/B/A ERC and JOHN AND JANE DOES 1-10,

                Defendants.
------------------------------------------------------------------X

This action is brought by Plaintiff, BRIAN SKVARLA ("SKVARLA") against Defendant, ENHANCED RECOVERY COMPANY, LLC d/b/a ERC ("ERC") and JOHN AND JANE DOES 1-10 ("DOES"), based on the following:

### I. PRELIMINARY STATEMENT

1. Plaintiff brings this action individually and on behalf of all others similarly situated to seek redress for the illegal practices of Defendant, when attempting to collect alleged debt from him, in violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692-1692p).

2. Such practices include attempting to collect consumer debts by engaging in conduct prohibited by, or failing to engage in conduct required by, the FDCPA.

3. The FDCPA regulates the behavior of "debt collectors" (including collection agencies, collection attorneys, debt buyers) when attempting to collect a consumer debt. Congress found "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors" which "contribute to a number of personal bankruptcies,

marital instability, loss of jobs, and invasions of individual privacy." 15 U.S.C. § 1692(a). The FDCPA was expressly adopted "to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

4. The FDCPA, at 15 U.S.C. § 1692c, prohibits when and with whom a debt collector may communicate when attempting to collect a debt and, at 15 U.S.C. § 1692b, limits communications with third parties to the collection of "location information."

5. The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation. The Second Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer." *Clomon v. Jackson*, 988 F.2d 1314 (2d Cir. 1993).

6. To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws the use of false, deceptive, and misleading collection letters and names a non-exhaustive list of certain *per se* violations of false and deceptive collection conduct. 15 U.S.C. § 1692e(1)-(16). Among these *per se* violations are: false representations concerning the character, amount, or legal status of any debt, 15 U.S.C. §1692e(2)(A); the threat to take any action that cannot legally be taken or that is not intended to be taken, 15 U.S.C. § 1692e(5); and the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, 15 U.S.C. § 1692e(10).

7. When collecting or attempting to collect a debt, the FDCPA bars a debt collector's use of: (a) false, deceptive, or misleading means or representations; and (c) unfair or unconscionable means. 15 U.S.C. §§ 1692d, 1692e, and 1692f. Each of those Sections contain a

list of specific *per se* violations but they are nonexclusive and do not limit the general application of each Section's broad prohibitions.

8. When the collection process starts, the FDCPA requires a debt collector to provide a consumer with basic debt information and the consumer's right to debt-verification. 15 U.S.C. § 1692g.

9. When a debt collector fails to comply with the FDCPA "with respect to any person," it "is liable to such person in an amount equal to the sum of" "any actual damage sustained," "additional" or statutory damages, costs, and reasonable attorneys' fees. 15 U.S.C. § 1692k(a). Statutory damages are limited: a plaintiff may recover no more than $1,000, and a class may recover up to $500,000 or 1% of the debt collector's net worth, whichever it less. 15 U.S.C. § 1692k(a)(2)(A)-(B).

10. Plaintiff seeks, both individually an don behalf of all others similarly situated, such relief as is allowed under the FDCPA including, without limitation, statutory damages, attorney fees and costs.

## II. PARTIES

11. SKVARLA is a natural person who at all times relevant to this lawsuit was a citizen of, and resided in, the City of New York, New York County, New York.

12. ERC is a for-profit foreign limited liability company formed under the laws of the State of Delaware.

13. ERC maintains its principal place of business at 8014 Bayberry Road, Jacksonville, FL 32256-7412.

14. ERC's registered agent in New York is Corporation Service Company, 80 State Street, Albany, New York 12207-2541.

Page **5** of **14**

15. DOES are sued under fictitious names as their true names and capacities are yet unknown to Plaintiffs. Plaintiff will amend this complaint by inserting the true names and capacities of the DOE defendants once they are ascertained.

### III. JURISDICTION & VENUE

16. This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1692k(d).

17. The Court has personal jurisdiction over Defendant pursuant to CPLR 301 and CPLR 302(a)(1) because Defendant transacts business within the state.

18. Venue is appropriate in New York County pursuant to CPLR 503 and 509 because Plaintiff resides in New York County.

### IV. FACTS RELATING TO DEFENDANT

19. ERC regularly engages in the collection or attempted collection of defaulted consumer debts owed to others.

20. ERC is a business, the principal purpose of which is the collection of defaulted consumer debts.

21. In attempting to collect debts, ERC uses instruments of interstate commerce such as the mails, the telephone, the the internet.

22. On information and belief, and based on advice of counsel, DOES are natural persons and/or business entities all of whom reside or are located within the United States who personally created, instituted and, with knowledge that such practices were contrary to law, acted consistent with, conspired with, engaged in, and oversaw the violative policies and procedures used by the employees of ERC that are the subject of this Complaint. DOES personally control, and are engaged in, the illegal acts, policies, and practices utilized by ERC and, therefore, are personally liable for all the wrongdoing alleged in this Complaint.

Page **6** of 14

## V. FACTS RELATING TO SKVARLA

23. ERC mailed, or caused to be mailed, a letter dated November 4, 2019 ("the November Letter") to SKVARLA.

24. A true and correct copy of the Letter is attached as *Exhibit A*, except that portions of the November Letter are redacted.

25. On information and belief, the November Letter was mailed on or after the November Letter's date.

26. The November Letter concerned a financial obligation for a JetBlue Rewards Card ("the Debt").

27. The Debt was placed with ERC for purposes of collection.

28. The November Letter was ERC's first written communication to SKVARLA to attempt to collect the Debt.

29. The November Letter contended that SKVARLA owed the Debt in the amount of $17,683.44.

30. The November Letter identified the "Creditor" as "Barclays Bank Delaware."

31. The November Letter identified the "Original Creditor" as "Barclays Bank Delaware."

32. The SKVARLA Debt arose out of one or more transactions in which the money, property, insurance, or services that were the subject of the transactions were primarily for personal, family, or household purposes.

33. ERC mailed, or caused to be mailed, a letter dated February 7, 2020 ("the February Letter") to SKVARLA.

34. A true and correct copy of the Letter is attached as *Exhibit B*, except that portions of the February Letter are redacted.

Page **7** of **14**

35. Upon information and belief, the February Letter was mailed by ERC for purposes of collection as a follow up to the November Letter.

36. The February Letter contended that SKVARLA owed the Debt in the amount of $17,683.44.

37. The February Letter identified the "Creditor" as "Barclays Bank Delaware."

38. The February Letter identified the "Original Creditor" as "Barclays Bank Delaware."

39. On or about May 18, 2020 SKVARLA received a collection letter from Financial Recovery Services (the "FRS Letter") for the Debt.

40. A true and correct copy of the FRS Letter is attached as *Exhibit C*, except that portions of the FRS Letter are redacted.

41. The FRS Letter identified the Current Creditor as "Barlcays Bank Delaware" and the Original Creditor as "American Express".

42. The November Letter and February Letter (collectively the "Letters") falsely lead the least sophisticated consumer to believe that the original creditor and the creditor to whom the debt is owed is Barclays Bank Delaware.

43. The Letters contain false statement when identifying Barclays Bank Delaware as the "Original creditor".

44. The false statements in the Letters could easily mislead the least sophisticated consumer as to the nature and legal status of the debt and could impede the consumer's ability to respond and/or request validation of debt.

45. The Letters deprived SKVARLA of truthful, material, non-misleading information in connection with ERC's attempt to collect a debt.

## VI. CAUSE OF ACTION FOR VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

46. The factual allegations in the preceding paragraphs are realleged and incorporated by reference.

47. ERC is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

48. DOES are "debt collectors" as defined by 15 U.S.C. § 1692a(6).

49. The Debt is a "debt" as defined by 15 U.S.C. §1692a(5).

50. SKVARLA is a "consumer" as defined by 15 U.S.C. § 1692a(3).

51. *Exhibit A* is a "communication" as defined by 15 U.S.C. § 1692a(2).

52. The use and mailing of *Exhibit A* by ERC violated the FDCPA in one or more following ways:

   (1) Using a false, deceptive, or misleading representation or means in violation of 15 U.S.C. § 1692e;

   (2) Falsely misrepresenting the character, amount, or legal status of a debt in violation of 15 U.S.C. § 1692e(2)(A); and

   (3) Using a false representation or deceptive means to collect or attempt to collect any debt in violation of 15 U.S.C. § 1692e(10).

53. *Exhibit B* is a "communication" as defined by 15 U.S.C. § 1692a(2).

54. The use and mailing of *Exhibit B* by ERC violated the FDCPA in one or more following ways:

   (1) Using a false, deceptive, or misleading representation or means in violation of 15 U.S.C. § 1692e;

   (2) Falsely misrepresenting the character, amount, or legal status of a debt in violation of 15 U.S.C. § 1692e(2)(A); and

Page **9** of **14**

(3) Using a false representation or deceptive means to collect or attempt to collect any debt in violation of 15 U.S.C. § 1692e(10).

## VII. CLASS ALLEGATIONS

55. The Letters are form letters. Specifically, the November and February Letters were created by merging electronically-stored information specific to the Debt (including but not limited to the addressee's name and address) with predetermined electronically-stored text and any graphics defined by a template, and printing the result. In effect, the Debt-specific information is used to populate the blanks in the template to produce the Letters.

56. ERC's conduct is consistent with its policies and practices when attempting to collect debts from consumers. Consequently, this action is brought by Plaintiff, both individually and on behalf of similarly situated individuals, pursuant to NY CLS CPLR § 901.

57. *Class Definition.* Plaintiff seeks to certify a Class. The Class is defined as:

> All natural persons to whom ERC mailed a written communication in the form of *Exhibit A or Exhibit B* to a New York address during the Class Period beginning on November 4, 2019 and ending on November 25, 2020 to collect an American Express JetBlue Card.

58. Class members' identities are readily ascertainable from ERC's business records.

59. *Class Claims.* The Class Claims are the claims which each Class member may have for any violation of the FDCPA arising from ERC having sent a written communication in the same form as *Exhibit A* or *Exhibit B.*

60. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of NY CLS CPLR § 901because there is a well-defined community interest in the litigation:

(a) *Numerosity.* On information and belief, the Class are so numerous that joinder of all members would be impractical and includes at least 40 members.

(b) *Common Questions Predominate.* Common questions of law and fact exist as to all members of the Class and those questions predominate over any issues involving only individual Class members because those questions concern the same conduct by Defendant with respect to each Class member.

(c) *Typicality.* The claims of Plaintiff are typical of the Class members because those claims arise from a common course of conduct engaged in by Defendant.

(d) *Adequacy.* Plaintiff will fairly and adequately protect the interests of the Class members insofar as he has no interests that are adverse to those of the Class members. Moreover, Plaintiff is committed to vigorously litigating this matter and has retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions.

61. Certification of a class under NY CLS CPLR § 901 is appropriate in that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

62. Based on discovery and further investigation (including, but not limited to, disclosure by Defendant of Class size and net worth), Plaintiff may seek class certification: (a) only as to particular issues as permitted under NY CLS CPLR § 906, (b) using a modified definition of the Class, or the claims of the Class; and (c) a different Class Period.

## VIII. PRAYER FOR RELIEF

63. WHEREFORE, Plaintiff demands judgment against ERC. Specifically, Plaintiff requests entry of an Order:

(1) Certifying that this action may be maintained as a class action pursuant to NY CLS CPLR § 901 including, but not limited to, defining the Class and the Class claims, issues, or defenses, and appointing the undersigned counsel as class counsel;

(2) Awarding an incentive award to Plaintiff for his services on behalf of the Class;

(3) Awarding statutory damages to Plaintiff pursuant to 15 U.S.C. § 1692k(a)(2);

(4) Awarding attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(3);

(5) Awarding, to the extent the recovery of attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(3) causes a negative tax consequence to Plaintiff, a sum sufficient to ameliorate such consequences; and

(6) Providing for such other and further relief as may be just and proper.

## IX. JURY DEMAND

64. Trial by jury is demanded on all issues so triable.

Dated: November 4, 2020

*s/Alla Gulchina*
Alla Gulchina
Francis R. Greene
Alla Gulchina
STERN•THOMASSON LLP
150 Morris Avenue, 2nd Floor
Springfield, New Jersey 07081
Telephone (973) 379-7500
E-mail: Francis@SternThomasson.com
E-mail: Alla@ SternThomasson.com

Simon Goldenberg
LAW OFFICE OF SIMON GOLDENBERG PLLC
818 East 16th Street
Brooklyn, New York 11230
Telephone: (347) 640-4357
E-mail: simon@goldenbergfirm.com

*Attorneys for Plaintiff, Brian Skvarla*

To:
ENHANCED RECOVERY COMPANY, LLC D/B/A ERC
New York is Corporation Service Company, 80 State Street, Albany, New York 12207-2541.

# EXHIBIT A

**ERC**

| | |
|---|---|
| Creditor: Barclays Bank Delaware | November 04, 2019 |
| Product: JetBlue Rewards Card | Original Creditor: Barclays Bank Delaware |
| Account Number: XXXXXXXXXXX5974 | Original Balance: $17,683.44 |
| Amount of Debt: $17,683.44 | Interest Accrued: N/A |
| Reference Number: 213017212 | Non-interest Charges & Fees: N/A |
| | Payments: $0.00 |

### Collection Notice

BRIAN SKVARLA

Our records indicate that your balance with Barclays Bank Delaware remains unpaid; therefore your account has been placed with ERC® for collection efforts.

Upon receipt of your payment and clearance of funds in the amount of $17,683.44, your account will be considered paid in full.

Unless you dispute the validity of the debt, or any portion thereof, within thirty (30) days after your receipt of this notice, the debt will be assumed to be valid by us.

If you notify our office below in writing within (30) days of your receipt of this notice that the debt, or any portion thereof is disputed, we will obtain verification of the debt or a copy of any judgment that may be of record against you. We will mail the verification or copy of the judgment to you.

Upon your written request to this office within thirty (30) days of your receipt of this notice, we will provide you with the name and address of the original creditor, if different from the current creditor listed in the above section of this notice.

James Cecil, Senior Vice President of Operations

 For self-service options, please visit our website at www.ercbpo.com/help.
 Telephone. (800) 631-6702 Toll Free. All calls are recorded and may be monitored for training purposes.
 Send correspondence to: ERC®, P.O. Box 57610, Jacksonville, FL 32241
 Office Hours (Eastern Time): Mon-Thurs. 8:00 am-11:00 pm, Fri. 8:00 am-10:00 pm, Sat. 6:00 am-8:00 pm
 Pay with cash at participating locations. See reverse for details.

**This communication is from a debt collector and is an attempt to collect a debt. Any information obtained will be used for that purpose.**

NOTICE - SEE REVERSE SIDE FOR IMPORTANT NOTICES AND CONSUMER RIGHTS

Please do not send correspondence to this address.

P.O. BOX 1259, Dept 98696
Oaks, PA 19456



| November 04, 2019 | Reference Number | Balance Due |
|---|---|---|
| | 213017212 | $17,683.44 |

 147165 - 211

BRIAN SKVARLA
SEA CLIFF NY 11579-1614

ERC®
P.O. Box 23870
Jacksonville, FL 32241-3870



# EXHIBIT B



February 07, 2020

| | | | |
|---|---|---|---|
| Creditor: | Barclays Bank Delaware | Original Creditor: | Barclays Bank Delaware |
| Product: | JetBlue Rewards Card | Original Balance: | $17,683.44 |
| Account Number: | XXXXXXXXXXXX5974 | Interest Accrued: | N/A |
| Amount of Debt: | $17,683.44 | Non-interest Charges & Fees: | N/A |
| Reference Number: | 213017212 | Payments: | $0.00 |

### Collection Notice

BRIAN SKVARLA

Our records indicate that your balance with Barclays Bank Delaware remains unpaid; therefore your account has been placed with ERC® for collection efforts.

Upon receipt of your payment and clearance of funds in the amount of $17,683.44, your account will be considered paid in full.

When you provide a check as payment, you authorize us either to use information from your check to make a one-time electronic funds transfer from your account or to process the payment as a check transaction. When we use information from your check to make an electronic funds transfer, funds may be withdrawn from your account as soon as the same day we receive your payment, and you will not receive your check back from your financial institution.

James Cecil, Senior Vice President of Operations

For self-service options, please visit our website at www.ercbpo.com/help

Telephone: (800) 631-6702 Toll Free. All calls are recorded and may be monitored for training purposes.

Send correspondence to: ERC®, P.O. Box 57610, Jacksonville, FL 32241

Office Hours (Eastern Time): Mon-Thurs: 8:00 am-11:00 pm, Fri: 8:00 am-10:00 pm, Sat: 8:00 am-8:00 pm

Pay with cash at participating locations free of charge. See reverse for details.

This communication is from a debt collector and is an attempt to collect a debt. Any information obtained will be used for that purpose.

**NOTICE - SEE REVERSE SIDE FOR IMPORTANT NOTICES AND CONSUMER RIGHTS**

Please do not send correspondence to this address:
P.O. BOX 1259, Dept 98696
Oaks, PA 19456



| | Reference Number | Balance Due |
|---|---|---|
| February 07, 2020 | 213017212 | $17,683.44 |


BRIAN SKVARLA


SEA CLIFF NY 11579-1614

147165 - 791

ERC®
P.O. Box 23870
Jacksonville, FL 32241-3870

# EXHIBIT C

FRS089-0518-1377566394-02899-2899

DEPT 813    4002122320055
PO BOX 4115
CONCORD CA 94524

**FINANCIAL RECOVERY SERVICES, INC.**
P.O. Box 385908
Minneapolis, MN 55438-5908
1-844-396-5417

CURRENT CREDITOR: BARCLAYS BANK DELAWARE
ORIGINAL CREDITOR: AMERICAN EXPRESS
REGARDING: JETBLUE RWDS CARD
ACCOUNT NUMBER: XXXXXXXXXXXX5974
DATE OF LAST PAYMENT: 12/26/2018
CHARGE-OFF DATE: 07/30/2019

RETURN SERVICE REQUESTED

May 18, 2020

BRIAN SKVARLA
SEA CLIFF NY 11579-1614

TOTAL BALANCE DUE: 17683.44
FRS FILE NUMBER: VRE741
ON-LINE PIN NUMBER:             WWW.FIN-REC.COM
(Used to access and view your file on)

******Resolution Reduction Offer******

We can HELP you get this account resolved. Please contact our office and our representatives will HELP you setup payments or HELP you resolve for less than you owe. If you can get the money now you can get it resolved for less than what you currently owe. We are willing to listen to any reasonable offers you may wish to make but you need to call us soon.

OPTION 1: Pay the Balance Today.

OPTION 2: Resolve it for less than the total balance due. Make us a reasonable offer to resolve for less.****

OPTION 3: Setup Monthly payments as LOW as $25.00****

Our representatives are available to HELP you now.

FRS is not a law firm and FRS will not initiate any legal proceedings or provide you with legal advice. Any offers of resolution that are provided to you are merely offers to resolve your account for less than the balance due. Resolution of your account for less than the full balance may have tax consequences.

To make a payment, please call us at the toll-free number listed below or utilize our on-line web payment solution at www.fin-rec.com using the on-line PIN number and FRS file number referenced above.

If you are sending your payment by overnight delivery, please use the following address: 4510 W. 77th St, Suite 200, Edina, MN 55435.

Sincerely,

ANDREW POULTERER
Account Manager
Toll Free: 1-844-396-5417

This is an attempt to collect a debt. Any information obtained will be used for that purpose.
This communication is from a debt collector.

See reverse side for important information.

Office hours are: Monday-Thursday, 7am to 8pm CST; Friday 7am to 5pm CST; Saturday 7am to noon CST.

---

**Detach Coupon And Mail Payment**

| 1 OF 3 | 2 OF 3 | 3 OF 3 |
|---|---|---|
| FRS File #: VRE741 | FRS File #: VRE741 | FRS File #: VRE741 |
| 1-844-396-5417 | 1-844-396-5417 | 1-844-396-5417 |
| Balance due as of May 18, 2020: $17683.44 | Balance due as of May 18, 2020: $17683.44 | Balance due as of May 18, 2020: $17683.44 |
| Amount enclosed:_____ | Amount enclosed:_____ | Amount enclosed:_____ |
| Home phone:_____ | Home phone:_____ | Home phone:_____ |
| Work phone:_____ | Work phone:_____ | Work phone:_____ |
| Cell phone:_____ | Cell phone:_____ | Cell phone:_____ |
| Financial Recovery Services, Inc. P.O. Box 385908 Minneapolis, MN 55438-5908 | Financial Recovery Services, Inc. P.O. Box 385908 Minneapolis, MN 55438-5908 | Financial Recovery Services, Inc. P.O. Box 385908 Minneapolis, MN 55438-5908 |
| Letter Code Sent: 0B9 | Letter Code Sent: 0B9 | Letter Code Sent: 0B9 |